ALBERT G. MAXCY, plaintiff in error *v.* WILLIAM PADFIELD, defendant in error.

*Error to Clinton.*

A justice of the peace has no authority to render a judgment against any defendant who is not served with process, although one of the defendants is regularly served.

The Circuit Court cannot amend the papers on appeal from the judgment of a justice of the peace, by striking out the name of one of the defendants in the Court below.

THIS was an action originally commenced by William Padfield against Samuel McCullough and A. G. Maxcy, before William Johnson, a justice of the peace of Clinton county, upon a promissory note made by Samuel McCullough to Anderson W. Petty, and by said Petty endorsed to Samuel G. Smith, and by said Smith endorsed to A. G. Maxcy, and by said Maxcy endorsed to the defendant in error.

The summons was issued against McCullough and Maxcy, and returned executed upon Maxcy only.

On the day set for the trial of the action, neither of the defendants appeared, and judgment was rendered against them by default. From this judgment Maxcy appealed to the Circuit Court of Clinton county.

At the next term of the Circuit Court, the Hon. Sidney Breese presiding, Maxcy, by Cowles, his attorney, moved the Court to dismiss the cause and reverse the judgment of the justice. The Circuit Court overruled said motion, and on motion of the plaintiff, by Reynolds his attorney, leave was granted to amend the papers by striking out the name of Samuel McCullough.

Thereupon a jury was called, and a verdict rendered for the plaintiff, and judgment entered upon said verdict. From this judgment Maxcy prosecuted a writ of error to this Court.

A. COWLES and BENJAMIN BOND, for the plaintiff in error, relied upon the following points and authorities:

"The Court below had no power to amend the papers,—

1. Because it in effect created a new action, which was not authorized by the statute allowing amendments. 5 Johns. 160; Kimmel *v.* Shultz *et al.*, Breese 128; Gale's Stat. § 7 404, § 35 410; R. L. 389, 396.

2. The judgment before the justice being by default, and the defence not of a dilatory character, it was competent for the appellant to interpose the defence in the Circuit Court. Breese 96; 5 Johns. 160; Forman 85, 199.(1)

(1) *Ante* 249.

Maxcy *v.* Padfield.

3. The cause, by appeal of one of the defendants into the Circuit Court, will be held as bringing both defendants into the Circuit Court, no motion being made to dismiss the appeal for that reason. The plaintiff below so considered it by moving to strike out one of the defendants.

LYMAN TRUMBULL and JOSEPH GILLESPIE for the defendant in error, relied upon the following points and authorities:

1. Appeals from justices of the peace being taken up *de novo* in the Circuit Court, and McCullough not having joined in taking the appeal, he was no party to the suit in the Circuit Court. Mitcheltree *v.* Sparks, Forman 166 ;(1) Tindall *v.* Meeker, Forman 97 ;(2) Dedman *v.* Barber, Forman 202.(3)

2. If McCullough was a party, it was competent for the Circuit Court under the statute allowing such amendments to be made as are necessary to a fair trial of the cause upon its merits, to permit the name of McCullough to be stricken out. Conley *v.* Good, Breese 96 ; R. L. 396,(4) § 35 ; Acts of 1839, 291.

3. To warrant the reversal of the opinion of the inferior Court in refusing to grant a continuance, and upon a point in relation to which it has the best opportunity of forming a correct opinion, the cause of error should be clearly made out. Smith *et al. v.* Shultz, *Ante* 490.

SMITH, Justice, delivered the opinion of the Court:

The assignment of errors questions the regularity and power of the Court to strike out the name of one of the defendants in the action before the justice of the peace. The original summons was the foundation of the action. The plaintiff in that action elected to misjoin parties who upon no legal principles could be joined in the same action, and the judgment was manifestly erroneous, as well for the misjoinder, as for rendering judgment against McCullough, who had not been served with process. We cannot doubt that the Court had no power to abate the suit as to one of the defendants, at common law, on the plaintiff's motion, and we do not conceive that the statutes allowing of amendments relative to proceedings before justices of the peace, confer the power. The effect of the amendment is to change the character of the action, as to parties, and virtually to constitute a new action. This surely could never have been the intention of the legislature, in the several acts allowing amendments in the Circuit Courts, to proceedings had before justices of the peace.

The defendants might avail themselves of this misjoinder, but surely the plaintiff in the action before the justice, could not discontinue his cause as to one of them, and hold the other liable. The cases cited to support the power to thus amend process, we

(1) *Ante* 198.     (2) *Ante* 137.     (3) *Ante* 254.
(4) Gale's Stat. 410.

conceive, have no bearing on the point before the Court, and do not countenance the amendment.

The judgment is reversed, as well in regard to the proceedings and judgment before the justice, as in the Circuit Court, with costs.

*Judgment reversed.*